**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                 **Case Number: 3:23-cr-181-WWB-JBT**

**ROBERTO ROMAN RAMIREZ**

---

### ROBERTO RAMIREZ'S SENTENCING MEMORANDUM

The Defendant, **ROBERTO ROMAN RAMIREZ**, by and through his undersigned attorney, pursuant to Federal Rule of Criminal Procedure 32 and 18 U.S.C. Section 3553(a), submits this memorandum to aid the Court at the sentencing currently set for July 8, 2024, at 11:00 a.m. and asks the Court to consider the following in determining the appropriate sentence herein:

### I.      INTRODUCTION

Roberto Roman Ramirez stands before the Court in full acceptance of his responsibility for the acts for which he will be sentenced.  Mr. Ramirez pled guilty to Knowingly Making a False Statement to a Federally License Firearms Dealer, a Class D felony, Mr. Ramirez faces a maximum statutory penalty of 5 years. 18 U.S.C. § 924(a)(1)(A).   Based on a total offense level of 17 and a criminal history category of II, the guidelines range, as calculated by the Probation Officer, is 27 to 33 months.

This Court must impose a sentence that is "sufficient, but not greater than necessary, to comply" with the purpose of sentencing.  18 U.S.C. §3553(a).  The

goal of sentencing "is to lock in a sentence that is not too short and not too long, but just right to serve of purposes of §3553(a)." *United States v. Irey*, 612 F.3d 1160, 1197 (11th Cir. 2010) (*en banc)*.   Mr. Ramirez respectfully submits that a sentence of time served, followed by three (3) years of supervised release, is a reasonable sentence that is sufficient to satisfy the purposes of sentencing in this case, as set forth in 18 U.S.C. § 3553(a) and that a more restrictive punishment would be greater than necessary.   Under the facts of this case, such a sentence will protect the public, provide just punishment, and afford adequate deterrence.

## II.    LEGAL STANDARD

Section 3553 of Title 18 of the United States Code enumerates certain factors a district court is to consider when sentencing a defendant who has been convicted of a federal offense.    Primarily, the court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. §3553(a)(1).   The court shall also consider the need for the sentence imposed to:  reflect the seriousness of the offense, promote respect for the law, and provide just punishment; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.   *Id.* At §3553(a)(2) (A-D). Section 3553(a) further sets forth the factors that the Court must consider in fulfilling this provision:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed;
3. The kinds of sentences available;
4. The kind of sentence and the sentencing range….;
5. Any pertinent policy statements issued by the Sentencing Commission;
6. The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
7. The need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a) (1-7).

### III.    FACTORS AND LEGAL ARGUMENTS SUPPORTING A DOWNWARD DEPARTURE OR VARIANCE

Mr. Ramirez also argues that his criminal history score over-represents his threat to recidivate in the future and the likelihood that he would do so in a manner that is a dangerous to the community.  Defense counsel submits that Mr. Ramirez's only scoreable offense occurred in December of 2005, making it nearly 20 years since Mr. Ramirez has sustained a new substantive offense.  For seven years prior to that conviction in 2005, his only contacts with law enforcement dealt with driving and driving license offenses.  Further, Mr. Ramirez completed his supervised release in 2014 and has had no contact with law enforcement since.  Defense counsel submits that Mr. Ramirez's criminal behavior and his contacts with law enforcement ceased after 2014.  Given these facts, Mr. Ramirez submits that his danger to recidivate has been diminished and that the Court may use that information to support a downward variance on his guidelines as calculated.

## IV.    NATURE OF THE OFFENSE/HISTORY AND CHARACTERISTICS

On September 10, 2023, Mr. Ramirez filled out an application for a background check at Academy Sports and Outdoors in Orange Park, Florida. Mr. Ramirez used his own name and identifying personal information in filling out the forms.  He went to a federally licensed firearms dealer and went through the legal procedures to apply for, and purchase, a firearm.  He believed that the passage of so many years meant that his prior conviction was no longer on his record and did not distinguish between his civil right to vote and the ability to purchase a firearm.  The background check determined that Mr. Ramirez was not eligible to purchase a firearm.  It is important to note that **at no time** did Mr. Ramirez actually have possession of that firearm or any other during the time period at issue in this case.  It should also be noted that Mr. Ramirez did not attempt to purchase a firearm illegally on the street but instead attempted to adhere to legal requirements.

There is no doubt that Mr. Ramirez has a somewhat checkered history.  As is true for far too many people, his past criminal history had been driven by substance use and addiction. Roberto Roman Ramirez was born and raised in Puerto Rico. He is 50 years old.[1]  Mr. Ramirez's parents divorced when he was 8 and he was raised primarily by his grandparents. His mother kept partial custody of Mr.

---

[1] Letters from Mr. Ramirez's family and work colleagues are attached  as Exhibit 1. Most of these letters were submitted in Spanish and translated by Maria L. Lando, federally certified court interpreter at the Federal Defender's Office.  The original Spanish-language letters have been included along with the English translations.

Ramirez and his siblings but as he grew older, he realized that she was motivated by the financial assistance she received for having the children with her part-time. This realization finally explained to him his mother's emotional distance and lack of care and support, something that he missed sorely growing up, in spite of his closeness with his grandparents. He grew very close to his grandparents. When they died, in 2002 and 2017, respectively, he lost the constants in his life.

One of the enduring effects of the difficult times Mr. Ramirez went through during his childhood was the difficulty he had adjusting after his parents' divorce, which affected his school performance. He dropped out of high school in 1992 at age 18 after completing 11 years of schooling. [2] His aborted educational career affected Mr. Ramirez's financial choices in both the short-term and the long-term and was one of the causes of instability in his life until the last 10 years. Mr. Ramirez began a daily marijuana habit when he was 17 that continued until he was 31. He also admits to using heroin and cocaine less frequently during that time. But fortunately, and to his credit, he has been clean of any illicit substances since 2007, which is backed up by his negative drug tests. [3] After he was sentenced to federal prison in 2007, Mr. Ramirez has been committed to his sobriety. Throughout his supervised release and all during his pretrial release on conditions during the pendency of this case, Mr. Ramirez has consistently tested negative on all drug screens. His 17 years of sobriety is a testament to his hard work and his

---

[2] Records were requested from his high school in Trujillo Alto, Puerto Rico, but were unavailable.
[3] 2024 Presentence Report (PSR), paragraph 52.

determination to turn his life around after his conviction.  Furthermore, his ability to live lawfully and within the strictures of the laws and rules of our society is demonstrated by his excellent conduct on his pre-trial release.  Such conduct could be weighed by the Court in determining an appropriate sentence given Mr. Ramirez's lack of need for further deterrence or risk of recidivism.

Mr. Ramirez came to Jacksonville in 1999 when he was 25.  In 2005, Mr. Ramirez was involved in the offloading of marijuana in a multi-defendant drug conspiracy case.  Just like in the instant case, he accepted his responsibility by pleading guilty less than two months after his arrest.  His PSR at the time stated he "was one of the least culpable individuals amongst the other participants" (2007 PSR, paragraph 17), and he received a four-level minimal participant reduction in his guidelines as a result.  He had no disciplinary referrals at the Bureau of Prisons and completed 1,074 hours of educational and vocational courses.

Mr. Ramirez completed his supervised release in 2014 and appeared to have righted the ship since then.  Until this case, he had no contact with law enforcement for 10 years, he obtained his commercial driver's license and has worked as a truck driver for the same company, Republic Services of Florida, since 2016.  His supervisor, Kenneth Sarrells, whose letter is attached, describes him as an exceptional and outstanding individual: dependable, helpful, honest, grateful, competent, and kind.  Likewise, his long-time co-worker, Ivan Diaz, describes him as respectful, trustworthy, and kind.  He describes a man with a strong work ethic and a willingness to help others.  Most importantly, he describes a man who is

6

genuinely remorseful for his actions and the awful price that he and his family will pay for his mistakes.  Undersigned counsel has seen this remorse as well.  Mr. Ramirez is distraught about the collateral consequences of his crime, including the loss of his job and potential time away from his girlfriend and children.  He participated in virtual counseling with a Spanish-language licensed mental health counselor in Broward County, during the four months following his arrest and would benefit from counseling as part of whatever sentence this Court imposes.

Mr. Ramirez has difficulty dealing with how he has destroyed his life.  He had been successful, working hard, saving money, purchasing a home for the first time in his life.  All of this progress and success has been put at risk by his conduct in this case.  A lengthy prison sentence means the end of that success.

Mr. Ramirez never entertained the idea of challenging this case.  He immediately admitted his crime, and he pleaded guilty less than two months after his arrest in January.  He wanted the gun to protect his home and family, but he now recognizes that is not an option for him.  He has been free on bond since January, without issue.  If pretrial release is an audition for probation or house arrest, Mr. Ramirez has passed with flying colors.

An incarcerative sentence is unnecessary to impose just punishment, provide deterrence and protect society.  Mr. Ramirez has learned a hard and valuable lesson and will not repeat this conduct.  He understands that, without affirmative steps to reinstate his eligibility, he cannot legally possess a firearm or attempt to purchase one.  A sentence of time served, followed by 3 years of supervised

release that includes conditions such as home confinement, community service and supervision will impose appropriate punishment without being greater than necessary to achieve the statutory purposes of sentencing.  Such a sentence will allow Mr. Ramirez to continue working and supporting his girlfriend, Leslie Rivera, and her minor children, who live with them in Orange Park, as well as Ms. Rivera's adult son in Puerto Rico.

He thought that a firearm would provide him with some protection.  Mr. Ramirez's openness in his attempt to purchase that firearm supports the conclusion that he did not have any criminal intent in purchasing and that he was unaware that he was not legally allowed to do so.  Defense counsel submits that these facts are material and significant factors that would support a downward variance from the calculated guidelines.

It is with this information that Mr. Ramirez prays the court fashion a sentence that will fairly punish his actions without imposing a sentence that is greater than necessary to achieve the purposes of sentencing.  Those purposes include punishment, rehabilitation, general deterrence, specific deterrence and incapacitation.  Incarceration is not needed to punish, provide a deterrence, or protect the public. A period of supervised release that would include conditions that Mr. Ramirez serve a period of home confinement, perform community service, and undergo mental health treatment, while continuing to work and support a stable life, are far greater tools to rehabilitate, and therefore, protect

8

than longer incarceration.  Further, an unnecessarily harsh sentence when reasonable alternatives exist would not encourage respect for the law or promote just punishment.

## V. CONCLUSION

For the reasons laid out above and such other reasons that may appear just and proper, Roberto Roman Ramirez respectfully asks this Court to fashion a sentence of time served followed by 36 months of supervised release.  With the conditions recommended above, Mr. Ramirez will be supervised within the community while getting the treatment and help that will keep him from recidivating. This sentence is "sufficient but not greater than necessary."

**A. FITZGERALD HALL, ESQ.**
**FEDERAL DEFENDER**

Respectfully Submitted By:

***/s/ Waffa J. Hanania, Esquire***
Waffa J. Hanania, Esq.
Assistant Federal Defender
Florida Bar No. 0888631
200 West Forsyth Street, Suite 1240
Jacksonville, Florida 32202
Telephone: (904) 232-3039
Fax: (904) 232-1937
Email: waffa_hanania@fd.org

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of July 2024, a true copy of the

foregoing was served by electronic notification to Frank Talbot, Office of the United

States Attorney and Kyle McCrohan, United States Probation Office.

> ***/s/Waffa Hanania, Esquire***
> Waffa Hanania, Esq.